■ GIOVANNI FABIANO, Appellant, v ELENA KIRKORIAN et al., Respondents. [761 NYS2d 288] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated April 16, 2002, which granted the motion of the defendant Elena

Kirkorian for summary judgment dismissing the complaint insofar as asserted against her and granted that branch of the separate motion of the defendants Kruger Leasing, Inc., and Philip T. Carpenter which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied as academic his cross motion for partial summary judgment on the issue of liability and, inter alia, to strike the answer of the defendants Kruger Leasing, Inc., and Philip T. Carpenter for their failure to comply with discovery orders.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendant Elena Kirkorian and that branch of the separate motion of the defendants Kruger Leasing, Inc., and Philip T. Carpenter which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a determination of the plaintiff's cross motion.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). In opposition, the plaintiff, who has a herniated disc, submitted, among other things, an affirmation of his orthopedist which specified the decreased range of motion in his lumbar and cervical spines, and explained that his injuries are permanent and causally related to the motor vehicle accident. The orthopedist's opinion, supported by objective evidence, was sufficient to raise a triable issue of fact (*see Toure v Avis Rent A Car Sys., supra*; *Jacobowitz v Roventini,* 302 AD2d 432 [2003]).

Because the Supreme Court concluded that the plaintiff did not sustain a serious injury, it denied as academic the plaintiff's cross motion for partial summary judgment on the issue of liability and for discovery sanctions. In light of the foregoing, we remit the matter for determination of the plaintiff's cross motion. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.